DAVID AND MURNA KALMS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kalms v. Commissioner
Docket No. 14451-91
United States Tax Court
T.C. Memo 1992-394; 1992 Tax Ct. Memo LEXIS 416; 64 T.C.M. (CCH) 153; July 15, 1992, Filed *416 Decision will be entered for respondent. For David Kalms, pro se. For Respondent: Sherri Munnerlyn. NAMEROFF
NAMEROFF
MEMORANDUM OPINION NAMEROFF, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) [1] and Rules 180-182. Respondent determined, by notice of deficiency dated April 1, 1991, a deficiency in petitioners' Federal income tax of $ 1,008 for the taxable year 1989. Respondent also determined an addition to tax under section 6662 in the amount of $ 201.60, which she has now conceded. The issue for decision is whether amounts received as clothing and food allowance by David Kalms (hereinafter petitioner when used in the singular) from the Church of the Golden Light for his ministerial services are exempt from taxation. We incorporate by reference the stipulation of facts and attached exhibits. Petitioners *417 resided in Los Angeles at the time of the filing of the petition. Petitioner was ordained as a minister in 1975 by the Universal Life Church. In 1978, the Church of Detoxification was formed, of which petitioner was a founding member. In 1982, its name was changed to the Church of the Golden Light (the Church). The Church has a small following and is devoted to cleanliness and dietary purity. Although the Church also conducts regular prayer meetings, its main function is to inform the congregation of the ramifications of the Bible's nutritional and wholesomeness requirements as interpreted by the Church. In 1989, the Church provided petitioner with an average $ 300 monthly allowance for food and clothing. Petitioner would submit receipts to the Church for his expenditures when his funds were depleted and the Church would replenish the fund. Petitioner estimated approximately $ 175 to $ 250 of the monthly allowance was expended for food and the balance for clothing. Petitioner received no other compensation from the Church; however, his wife provided additional support for housing from her employment as a nurse. The couple filed a joint tax return for the 1989 tax year. *418 The sole issue in this case is whether the $ 3,600 received as a food and clothing allowance is taxable. Section 61(a) provides a comprehensive definition of gross income as all income from whatever source derived, unless excluded by law. Gross income includes income realized in any form, whether in money, property, or services. Thus, income may be realized in the form of meals and clothing as well as in cash. The Supreme Court has repeatedly held that in defining "gross income" as broadly as it did, Congress intended to tax all gains except those specifically exempted. Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 430 (1955). Furthermore, section 262(a) provides that no deduction shall be allowed for personal, living, or family expenses. Petitioner contends the amounts received for meals and clothing are exempt from taxation because he has taken a vow of poverty. We agree with respondent's determination that section 61(a) requires petitioner's monthly allowance be included in petitioner's income unless he establishes that it should be excluded under an alternative provision of the Internal Revenue Code. See Pollard v. Commissioner, T.C. Memo. 1984-536, *419 affd. 786 F.2d 1063 (11th Cir. 1986); McCurry v. Commissioner, T.C. Memo. 1988-447. Section 107 [2] provides that in the case of a minister of the Gospel, gross income does not include: (1) The rental value of a home furnished to him as part of his compensation; or (2) the rental allowance paid to him as part of his compensation, to the extent used by him to rent or provide a home. Section 1.107-1(c), Income Tax Regs., provides that a rental allowance pertains to renting, purchasing, or providing a home only. Thus, expenses for food and clothing are not within the purview of section 107. Furthermore, petitioner has admitted that no part of the allowance was used for housing; therefore, section 107 does not apply to the payments involved here. *420 Section 119 provides that the value of any meals furnished to an employee or an employee's spouse or dependents by or on behalf of his employer are excluded from the gross income of an employee if the meals are furnished on the business premises of the employer for the employer's convenience. There is no indication in this record that the amounts involved pertain to any meals provided by the Church to petitioner on the Church premises. Thus, section 119 is also inapplicable. Having concluded that petitioner had gross income of $ 3,600 from his monthly allowance, we now consider whether he is entitled to any deductions in regards thereto. Section 162 provides that there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business. Performance of services as an employee constitutes a trade or business; however, employee expenses must be ordinary and necessary to the performance of the employee's duties to be deductible. Expenses for meals are traditionally nondeductible personal expenses. Sec. 262(a). Since food is consumed regardless of one's employment status or ministerial duties, the *421 meal expenses do not qualify under section 162(a) as ordinary and necessary. Moreover, the record does not contain sufficient evidence to support a deduction for business meals under sections 162(a) and 274(d). The cost of acquisition and maintenance of uniforms is deductible generally if (1) the clothing is of a type specifically required as a condition of employment, (2) it is not adaptable to general usage as ordinary clothing, and (3) it is not so worn. Yeomans v. Commissioner, 30 T.C. 757, 767 (1958). There is no indication in this record that the amount of the clothing allowance is for uniforms or special clothing. Petitioner alleges that his situation is analogous to that of a Catholic priest or Episcopalian minister in the sense that those men of the cloth are not taxed on their consumption of food or clothing provided by their respective orders. There is no evidence in the record to support petitioner's generalizations. Each case must be decided on its own facts and applicable law. Petitioner has pointed to no case or ruling where men of the cloth per se are allowed to exclude meals and clothing allowances from gross income. Decision will be *422 entered for respondent. Footnotes
1. All section references are to the Internal Revenue Code in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. We assume for purposes of this opinion that the Church was a church within the meaning of sec. 501(c)(3) and, therefore, tax exempt, and that petitioner's ordination was sufficient to qualify him as a minister within the meaning of sec. 107.↩